UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

AS'SALAAM KINTE WILSON,           :
                                  :
        Plaintiff                 :
                                  :
    v.                            :   CIVIL NO. 3:CV-07-884
                                  :
ERIC BUFALINO, et al.,            :   (Judge Kosik)
                                  :
        Defendants                :

**Memorandum and Order**

**I.     Background**

Plaintiff As'Salaam Kinte Wilson is currently confined at the Luzerne County Correctional Facility ("LCCF")in Wilkes-Barre, Pennsylvania.  He filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 16, 2007.  Named as Defendants are Eric Bufalino and Mr. Mitkowski, two (2) correctional officers at LCCF.  Plaintiff alleges that Defendants subjected him to excessive force which resulted in a laceration to his left hand and elbow.  He requests damages for his physical and emotional injury.  On May 30, 2007, service of the complaint and attached motion for counsel was directed.  (Doc. 9.)  On June 1, 2007, Plaintiff filed another request for counsel.  A third request for counsel was submitted on July 24, 2007.  An answer to

the complaint was filed on September 10, 2007. For the reasons that follow, the motions for counsel will be denied without prejudice.

## II.     Discussion

It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. In addition, a weighing of the other pertinent factors play in to the determination as to whether counsel should be appointed. Those factors are:

>    1. The plaintiff's ability to present his or her own case;

2

    2.  The difficulty of the particular legal issues;

    3.  The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;

    4.  The plaintiff's capacity to retain counsel on his or her own behalf;

    5.  The extent to which a case is likely to turn on credibility determinations; and,

    6.  Whether the case will require testimony from expert witnesses. Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

In support of his motions for counsel, Plaintiff contends that he is "educationally unequipped" to competently challenge the injustices committed against him (Doc. 1, unnumbered p.4). Other than this argument, he does not advance any other support for his request.

This case is still at an early stage. To date, Plaintiff has shown every sign that he is fully capable of litigating this case on his own. His submissions are both literate and comprehensible. There is nothing in the record to suggest that he is in need of counsel at this point in the case and for these reasons, the motions for appointment of counsel will be denied without prejudice at this time. Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either sua sponte or upon a motion properly filed.[1]

---

[1] Plaintiff appears to request confirmation that Correctional Officer Mitkowski is listed as a defendant in this action. He states that he was named in the complaint

3

**ACCORDINGLY, THIS 19th DAY OF OCTOBER, 2007, IT IS HEREBY ORDERED THAT** Plaintiff's motions for counsel (Docs. 1, 10 and 15) are denied without prejudice.

*s/EDWIN M. KOSIK*
United States District Judge

---

but contends that his name was "illegally removed" from the complaint. (Doc. 10 at 1.) As the docket sheet reveals, Mitkowski is listed as a named defendant in this action. To the extent that Plaintiff attempts to add a claim of mail tampering to the complaint against the Luzerne County Correctional Facility, he is advised of the following. A prison is not a proper defendant in a § 1983 action. See Meyers v. Schuylkill County Prison, No. 4:CV-04-1123, 2006 WL 559467, at *8 (M.D. Pa. March 7, 2006)(McClure, J.)(Schuylkill County Prison not a "person" amenable to suit under § 1983); McLeod v. Still, No. Civ. 05-4635, 2006 WL 372989, at *4 (D.N.J. Feb. 16, 2006)(Monmouth County Correctional Institutional is not a "person" amenable to suit under § 1983). Further, to add a totally unrelated claim would violate Federal Rule of Civil Procedure 20(a). Plaintiff is free to pursue any such claim in a separately filed action should he so choose.